IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO.: 7:17-CV-78-H

VIRGINIUS REECE PHIPPS,
TRAVIS MITCHELL PHIPPS, and
CHARLIE CAROLE PHIPPS,

    Plaintiffs,

v.

                                            **ORDER**

BENJAMIN L. GRADY, BLAKE
WALLACE, Individually and in
His Official Capacity as the
Sheriff of Duplin County,
and DUPLIN COUNTY SHERIFF'S
OFFICE,

    Defendants.

This matter is before the court on the motion to dismiss filed by defendants' Sheriff Blake Wallace ("Sheriff Wallace") and the entity identified as the Duplin County Sheriff's Office ("Sheriff's Office") [DE #17] as well as the motion to dismiss or for judgment on the pleadings filed by defendant Benjamin L. Grady ("defendant Grady") [DE #26]. Plaintiffs have responded to the motions in one filing[1] [DE #31 and #32]. Defendants Sherriff Wallace and the Sheriff's Office filed a reply [DE #33].

---

[1] DE #31 and #32 appear to be the same document.

The complaint arises from a long running property dispute between plaintiff Virginius Phipps and defendant Grady. Plaintiffs[2] assert unconstitutional seizures of their persons and property by all defendants based upon allegations of trespass to land levied by defendant Grady against plaintiffs. Plaintiffs also assert a claim of malicious prosecution against defendant Grady. The complaint divides the causes of action as follows: (1) § 1983 action against Sheriff Wallace, the Sheriff's Office, and defendant Grady; and (2) malicious prosecution against defendant Grady. According to the complaint, on April 18, 2014, defendant Grady contacted the Sheriff's Office and reported that plaintiffs were trespassing on his real property. Deputies responded, met with both plaintiff(s) and defendant Grady, and then subsequently presented the allegations to a state magistrate, who in turn issued a warrant for plaintiff(s)' arrest for criminal trespassing. The deputies then served plaintiff(s) with the warrant, and plaintiff(s) spent several hours in jail before being released on bond. Plaintiff(s)' excavator and other personal property were confiscated as a result of the arrest.

The criminal charges against plaintiffs were dismissed on November 18, 2016. On November 21, 2016, Duplin County District

---

[2] The complaint does not identify the individual plaintiffs by name in the enumerated paragraphs, but simply uses "plaintiff" and "plaintiffs," creating some ambiguity regarding which claims are being raised by which plaintiff(s).

2

Court Judge Henry L. Stevens, IV ordered the return of all property seized in connection with the associated charges.[3]

The court notes the facts presented in the instant complaint are virtually identical to a prior suit filed by plaintiff Virginius Phipps. On May 9, 2013, plaintiff Virginius Phipps filed suit against defendant Grady, Sheriff Wallace, various deputies, and Duplin County. See Phipps v. Grady, No. 7:13-CV-95-BO (E.D.N.C. May 5, 2013) [D.E. #1]. In response to defendant's motion to dismiss that matter, plaintiff Phipps filed a voluntary dismissal pursuant to Federal Rule of Civil Procedure 41. Plaintiff Phipps refiled the action on May 14, 2015. See Phipps v. Grady, No. 7:15-CV-103-F (E.D.N.C. May 14, 2015) [DE #4]. In that complaint, Plaintiff Phipps asserted a § 1983 claim for unconstitutional seizures of his person and property occurring on December 14, 2009 and April 30, 2011 regarding the same land dispute as the instant matter. By order filed August 31, 2016, Senior United States District Judge James C. Fox dismissed Sheriff Wallace, his deputies and Duplin County for plaintiff's failure to state a claim upon which relief could be granted. Two other defendants were dismissed for insufficient service. Finally, the court declined to exercise supplemental jurisdiction over the remaining claim of malicious prosecution against defendant Grady,

---

[3] Defendant Sheriff Wallace notes that the complaint does not mention plaintiff ever attempting to retrieve the personal property.

3

and the case was dismissed. See Order DE #48, No. 7:15-CV-103-F, (E.D.N.C. October 25, 2016).

**COURT'S DISCUSSION**

**I. Standard of Review**

A federal district court confronted with a motion to dismiss for failure to state a claim should view the allegations of the complaint in the light most favorable to the plaintiff. See Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). The intent of Rule 12(b)(6) is to test the sufficiency of a complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion "'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" Id. (quoting Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007).

"[A] complaint need not 'make a case' against a defendant or 'forecast evidence sufficient to prove an element' of the claim." Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005) (quoting Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Rule 8 of the Federal Rules of Civil Procedure provides "for simplicity in pleading that intends to give little more than

4

notice to the defendant of the plaintiff's claims and that defers until after discovery any challenge to those claims insofar as they rely on facts." Teachers' Ret. Sys. of La. v. Hunter, 477 F.3d 162, 170 (4th Cir. 2007). A complaint is generally sufficient if its "'allegations are detailed and informative enough to enable the defendant to respond.'" Chao, 415 F.3d at 349 (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1215 at 193 (3d ed. 2004)). Thus, a complaint satisfies the Rules if it gives "fair notice" of the claim and "the grounds upon which it rests." Twombly, 550 U.S. at 554-55 (internal quotation marks omitted).

## II. Duplin County Sheriff's Office

Defendant Sheriff's Office moves this court to dismiss it from this suit because it is not a legal entity capable of being sued. "The capacity of a governmental body to be sued in the federal courts is governed by the law of the state in which the district court is held." Avery v. County of Burke, 660 F.2d 111, 113-14 (4th Cir. 1981). In North Carolina, absent a statute, "the capacity to be sued exists only in persons in being." McPherson v. First Citizens National Bank, 240 N.C. 1, 18, 81 S.E.2d 386, 397 (N.C. 1954). By statute, the city or county is the legal entity which can sue and be sued, not the sheriff's department or police department of a county or city. See N.C. Gen. Stat. § 153A-

11; N.C. Gen. Stat. § 160A-11; Hughes v. Bedsole, 913 F. Supp. 420, 426 (E.D.N.C. 1994) (granting summary judgment for Cumberland County Sheriff's Department because plaintiff presented no authority to show department was legal entity); Graham v. Golden Corral, No. 5:04-CV-541-H (E.D.N.C. Jan. 7, 2005) (dismissing Fayetteville Police Department because it is not a legal entity which can sue or be sued); Phipps v. Grady, No. 7:15-CV-103-F, 2016 WL 4556763 (E.D.N.C. Aug. 31, 2016) (dismissing claims against Duplin County Sheriff's Office for lack of capacity.) Therefore, Duplin County Sheriff's Office is DISMISSED.

III. **Sheriff Wallace**

Defendant argues because there are no allegations of any direct involvement by Sheriff Wallace and because a defendant cannot be held liable vicariously for the conduct of his subordinates, Sheriff Wallace, in his individual capacity, should be dismissed. Plaintiff responded to the motion to dismiss, but makes no response to this argument. It is well settled that a supervisor may not be held liable under § 1983 under the doctrine of respondeat superior. Monell v. Dept. of Social Servs., 436 U.S. 658, 690-91 (1978); see also Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977). While a supervisor may be held liable in certain circumstances for constitutional injuries inflicted by his subordinates, such facts have not been alleged here. See Shaw v.

Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (laying out the elements of supervisor liability).

Sheriff Wallace argues plaintiffs have failed to allege sufficient facts to support an official capacity claim against him. A local government entity cannot be held liable under § 1983 on a respondeat superior theory of liability. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). Instead, to establish liability of the government entity, a plaintiff must demonstrate that (1) a government actor deprived the plaintiff of his federal rights, and (2) the harm was the result of an official policy or custom of the local entity. Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003). Here, plaintiffs have not alleged the existence of any official policy or custom. Plaintiffs do not respond to this argument in the response to the motion to dismiss. Finding plaintiffs have failed to state a claim, Sheriff Wallace is dismissed in his official and individual capacities.[4]

**IV. Defendant Grady**

A single claim remains[5]—plaintiffs' North Carolina common law claim for malicious prosecution against defendant Grady, a claim

---
[4] Defendants also move to dismiss for insufficient service of process, an insufficiency which plaintiffs acknowledge in their response, asking the court to overlook "minor errors." Even if plaintiffs stated a claim against these defendants, the claims could be dismissed for insufficient service of process.
[5] The heading for count one in plaintiffs' complaint also names defendant Grady in the § 1983 claim. However, there is no mention of defendant Grady within the allegations of that cause of action. Furthermore, defendant Grady was not

7

over which this court has supplemental jurisdiction. Federal courts have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). District courts may decline to exercise supplemental jurisdiction over a state law claim if:

(1) The claim raises a novel or complex issue of State law,

(2) The claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) The district court has dismissed all claims over which it has original jurisdiction, or

(4) In exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

When all federal question claims have been dismissed and diversity jurisdiction is lacking, the court has the discretion to decline to exercise supplemental jurisdiction over the remaining state-law claims. "There are no situations wherein a federal court must retain jurisdiction over a state law claim, which would not by itself support jurisdiction." Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995).

---

acting under color of state law and would be an improper defendant for that claim.

In its discretion, this court declines to exercise supplemental jurisdiction over the remaining state-law claim. Therefore, this claim, the only one against defendant Grady, is DISMISSED without prejudice.[6]

**CONCLUSION**

For the foregoing reasons, the motion to dismiss, [DE #17], of Sheriff Wallace and the Sheriff's Office is hereby GRANTED. The court declines to exercise supplemental jurisdiction over the remaining state law claim brought against defendant Grady. Therefore, the claim against defendant Grady is dismissed without prejudice. Defendant Grady's motion to dismiss or for judgment on the pleadings, [DE #26], is terminated as moot. The clerk is directed to close this case.

This 2nd day of March 2018.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26

---

[6] Title 28 U.S.C. § 1367(d) provides that the period of limitation for any supplemental claim shall be tolled while the claims were pending in federal court and for a period of 30 days after dismissal, unless State law provides a longer period.

9